### DANIELS v. BARFIELD et al.
### Civ. A. No. 6433.

District Court, E. D. Pennsylvania.
March 31, 1947.

Morton P. Rome, of Philadelphia, Pa. (Sundheim, Folz, Kamsler & Goodis, of Philadelphia, Pa., on the brief), for plaintiff.

Charles A. Wolfe, of Philadelphia, Pa. (Frank W. Hatfield and Samuel Fessenden, both of Philadelphia, Pa., on the brief), for defendants.

BARD, District Judge.

This case is before the Court on defendants' motion to dismiss the complaint.

Plaintiff, a Navy veteran, brought the present action under Section 8(e) of the Selective Training and Service Act of 1940 [1] to secure restoration to employment, and other relief. The complaint alleges that plaintiff was originally employed as a truck driver by defendants on December 14, 1944; that he worked in that capacity until his induction into the Navy on April 6, 1945; and that, after receiving his honorable discharge from the Navy on October 14, 1945, he was re-employed by defendants as a truck driver on October 16, 1945.

The first count of the complaint alleges that defendants discharged plaintiff without cause on February 19, 1946, and demands that plaintiff be restored to employment, and that defendants compensate plaintiff for loss of wages and other bene-

---

[1] 54 Stat. 890, 891, 50 U.S.C.A.Appendix, § 308(e).

fits sustained by him by reason of his having been discharged without cause.

The second count of the complaint alleges that during the periods December 14, 1944 through April 6, 1945, and October 16, 1945 through February 19, 1946, plaintiff was employed at rates of pay stated by defendants to be the same as provided for in a contract between Local No. 830, Brewery Drivers and Distributors of the International Brotherhood of Teamsters, etc., with whom defendants had a "closed shop" agreement. Plaintiff avers that he "relied on said representations, and was induced thereby to agree to accept said rates of pay." Plaintiff further alleges that in February 1946 he discovered that the rates at which he had been paid, and was still being paid, were actually lower than those provided for in the contract between defendants and Local No. 830. Plaintiff demands judgment for a sum equal to the difference between the amount of wages he had actually received from defendants up until February 19, 1946, and the amount he says he would have received had he been paid in accordance with the contract between defendants and Local No. 830.

Defendants moved to dismiss the complaint on the ground that it fails to state a claim upon which relief can be granted, and also, as far as the second count is concerned, on the ground that this Court lacks jurisdiction of the subject matter. I will consider separately the various reasons assigned in support of the motion.

Defendants contend that the Selective Training and Service Act provides for re-employment of persons who have left a position "other than a temporary position"[2]; that the complaint discloses that the position of employment held by the plaintiff with the defendants at the time of plaintiff's induction into the Navy was "a temporary position only"; and that plaintiff is therefore not entitled to relief, because defendants were under no legal obligation to, re-employ plaintiff.

■ In support of their assertion that plaintiff's position was a temporary posi-tion, defendants point first to the fact that plaintiff had been employed by them for less than four months prior to his induction into the Navy. I think that fact, of itself, is of no significance in determining whether or not plaintiff's position was a temporary one. It does not appear that there was any understanding or agreement, either express or implied, that the employment which plaintiff had undertaken prior to his induction was a temporary position; on the contrary, it appears from the affidavits submitted in opposition to defendants' motion that, despite the comparatively short period of time plaintiff had worked for defendants prior to entering the Navy, plaintiff had attained "first seniority status" among defendants' employees at the time of his induction.

■ Defendants further argue that plaintiff's position was "temporary" because plaintiff was not a member of Local No. 830, Brewery Drivers and Distributors of the International Brotherhood of Teamsters, etc., with whom defendants had a "closed shop" agreement. It appears that plaintiff was a member of Local No. 107, Highway Truck Drivers and Helpers of the International Brotherhood of Teamsters, etc.; and plaintiff alleges in his complaint that he was employed by defendants with the assent of Local No. 830, because defendants could not obtain a truck driver from Local No. 830.

From the affidavits submitted in opposition to defendants' motion, it further appears that plaintiff's employment with defendants was not conditioned upon his becoming a member of Local No. 830, and that it was the custom and practice of the International Brotherhood of Teamsters, etc., to permit a member of one of its local unions to work for an employer under the exclusive jurisdiction of another of its locals.

■ On the basis of these facts, I cannot conclude that plaintiff's employment with defendants was "temporary". The most that can be said for defendants' argument is, that it suggests the possibility that Local No. 830 might, at some time

---

[2] Section 8(b), Selective Training and Service Act of 1940, 54 Stat. 890, 50 U.S.C.A. Appendix, § 308(b).

in the future, withdraw its assent to plaintiff's employment by defendants—and indeed, it does not appear from the facts before me, whether or not Local No. 830 had the right to withdraw its assent. I do not think that the existence of a possibility that an event might occur in the future which would terminate the employment, renders that employment "temporary"; if that were so, then every employment at will, for instance, would be "temporary"—a conclusion which I think would be untenable.

I have considered the two cases cited by defendants in support of their contention that the "closed shop" agreement alleged in the instant case renders plaintiff's employment "temporary"—Johnson v. Interstate Transit Lines, D.C., 71 F.Supp. 882 and Bryan v. Griffin, D.C., 67 F.Supp. 714. Both of these cases are clearly distinguishable on their facts from the instant case.

Finally, defendants attack the second count of the complaint on the ground that not only does it fail to state a good cause of action, but that this Court lacks jurisdiction of the subject matter. As I have stated previously, plaintiff seeks to recover, in the second count, the amount of money by which he alleged he had been "underpaid" during his tenure of employment with defendants, both prior to, and subsequent to his service in the Navy. Defendants point to the fact that no diversity of citizenship is alleged, and contend that the second count is "not based upon any Act of Congress." Plaintiff contends that the second count is based on the Selective Training and Service Act, 50 U.S.C.A. Appendix, § 301 et seq.

■■■ Assuming, but not deciding, that the second count of the complaint pleads facts upon which relief could be granted, I think that the second count must be dismissed for lack of jurisdiction. I do not think that the cause of action pleaded in the second count arises under the Selective Training and Service Act. That Act is intended to protect the veteran from loss of ground in his employment by reason of his service in the armed forces, by requiring the employer to restore the veteran to his former position, or to a position of like seniority, status, and pay; and, in so doing, to consider the veteran's time spent in the armed forces as time spent in his employment. Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 285, 66 S.Ct. 1105. In the instant case, the pay which plaintiff received after his restoration to employment was exactly the same pay which he received before he entered the Navy. If, as plaintiff alleges, that pay was in fact less than he should have received, I cannot see how the resulting underpayment was in any sense a result or an incident of his employment having been interrupted by military service.

■■ The cause of action pleaded in the first count of the complaint is clearly within the purview of the Selective Training and Service Act, and jurisdiction of that cause of action is therefore conferred on this Court.

■■ The cause of action pleaded in the second count of the complaint does not, as I have decided, arise under the Selective Training and Service Act. We therefore have a situation where the sole basis of jurisdiction alleged is the existence of a federal question and two causes of action are pleaded, only one of which is federal in character. In that situation, this Court may not dispose of the non-federal cause of action. Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148; Weintraub v. Fitzgerald Bros. Brewing Co., D.C., 40 F.Supp. 473 ; R.C.A. Mfg. Co. Inc. v. Columbia Recording Corp., D.C., 36 F.Supp. 247.

Defendants' motion to dismiss is denied as to the first count of the complaint, and is granted as to the second count.