## BOCHTERLE v. ALBERT ROBBINS, Inc.
### No. 9402.

Circuit Court of Appeals, Third Circuit.
Argued Oct. 16, 1947.
Decided Dec. 31, 1947.

Robert V. Carton, of Asbury Park, N. J. (Durand, Ivins & Carton, of Asbury Park, N. J., on the brief), for appellant.

Edward V. Ryan, of Newark, N. J. (Edgar H. Rossbach, U. S. Atty., of Newark, N. J., on the brief), for petitioner-appellee.

Before ALBERT LEE STEPHENS, GOODRICH and O'CONNELL, Circuit Judges.

ALBERT LEE STEPHENS, Circuit Judge.

Charles Bochterle filed a petition in the district court under Selective Service and Training Act of 1940, 54 Stat. 890, as amended, 50 U.S.C.A.Appendix, § 308, and Service Extension Act of 1941, 50 U.S.C.A. Appendix, § 351 et seq., for restoration to a position held by him prior to military service and for wages and benefits lost by reason of his employer's refusal to permit him to resume his services. The petitioner was granted reimbursement of wages for the summer of 1946 and denied further relief. The defendant below appeals.

The Act under which the petition was filed provides inter alia that a person who has been inducted into the military service and "* * * has left or leaves a position, other than a temporary position * * * [under circumstances not necessary to mention here], and * * * makes application for reemployment within ninety days after he is relieved from such * * * service * * * —

"(B) if such position was in the employ of a private employer, such employer shall restore such person to such position or to a position of like seniority, status, and pay unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so * * *." 50 U.S. C.A.Appendix, § 308(b) (B).

Bochterle was employed by Albert Robbins, Inc., as manager of the latter's summer hotel for the months, June to September, of the years 1937–1941, the arrangements for such employment being made anew each year. At the time of Bochterle's call to military duty (March, 1942), and for three years prior thereto, he was otherwise employed by another company, but upon the understanding that he have leave of absence in the summer months in order to continue the managerial work for Albert Robbins, Inc. In April, 1946, a month after military discharge, Bochterle notified the company of his desire to be reinstated as manager of the summer hotel. However, in January of that year another had been employed for the season and Bochterle was refused the position.

A liberal construction of Section 8 of the Selective Training and Service Act of 1940 is required. Fishgold v. Sullivan Drydock & Repair Corp., 1946, 328 U.S. 275, 66 S.Ct. 1105, 90 L.Ed. 1230, 167 A.L.R. 110; McCarthy v. M & M Transportation Co., 1 Cir., 1947, 160 F.2d 322. In Kay v. General Cable Corp., 3 Cir., 1944, 144 F.2d 653, the court said, page 654: "* * * Every consideration of fairness and justice makes it imperative that the Statute [50 U.S.C.A.Appendix, § 308(b) (B)] should be construed as liberally as possible so that military service should entail no greater set-back in the private pursuit or career of the returning soldier than is unavoidable. * * *" In Trusteed Funds, Inc. v. Dacey, 1 Cir., 1947, 160 F.2d 413, at page 419, it is said that the effect of Section 8 "* * *

is to impose upon the employer an obligation he had not contracted to assume—an obligation to reemploy the veteran, and not to discharge him without cause within one year after such restoration. * * *"

In Daniels v. Barfield, D.C. Pa. 1947, 71 F.Supp. 884, 886, it was held that a complaint alleging that plaintiff-veteran had worked for the employers only about three and one half months until his induction was not insufficient on the ground that it showed that the employment was for a temporary position only. Thus, the length of the period of employment is regarded as not controlling.

In Trusteed Funds, Inc. v. Dacey, supra, it was held that a publicity manager under a five year contract, which had expired before the veteran returned, did not have a "temporary position" within the meaning of the Act, even though the employer had the right under the contract to refuse to renew it on its expiration.

In Van Doren v. Van Doren Laundry Service, 3 Cir., 1947, 162 F.2d 1007, this court held that a veteran who held the elective offices of corporation officer and director and was also officer manager and purchasing agent at a weekly salary during such elective periods held a position "other than a temporary" one. Here, as in our case, the employee was subject to re-appointment each year. Inherent, also, in our decision in the Van Doren case is a customary continuance of the employment established by the acts of the parties. See Grone v. Congregation of Brothers of St. Xavier, infra.

Likewise, in McClayton v. W. B. Cassell Co., D.C. Md., 1946, 66 F.Supp. 165, a first vice president, whose position was subject to election to office each year, and who had held such position for 15 years, was said to hold a "position other than temporary" within the meaning of the statutes providing for re-employment of veterans upon discharge from the armed forces, but relief was denied upon other grounds. The court there said that to give the word "temporary" its ordinary meaning was not intended under the statute. It is apparent, of course, that to hold otherwise would defeat its purpose. See also United States ex rel. Unruh v. North American Creameries, D.C. N.Dak. 1947, 70 F.Supp. 36.

In Grone v. Congregation of Brothers of St. Xavier, D.C. Ky. 1947, 72 F. Supp. 544, a football coach was employed, beginning in 1936 and including a contract for the years 1941-1942. We quote at length from page 546 of the opinion: "'Where a worker in a seasonal business can establish "customary continuance in his employment and recognition of his preferential claim to his job" when work is resumed, he is entitled to the protection of the Act's reemployment provisions, though he entered military service during an off-season period. Proof of a legally enforceable contract for the following season is no more a proper requirement in such cases than it is with respect to any other employee whose services are terminable at will.' Stanley v. Wimbish, 4 Cir., 154 F.2d 773, 775. The execution of contracts evidencing petitioner's employment each year beginning in 1936 and including the contract in question for the years 1941 and 1942 establishes the customary continuance and the respondent's recognition of petitioner's preferential claim to be employed as head football coach." Such a "customary continuance" is equally established in our case, although without benefit of actual execution of contractual instruments for prior employment years.

In the Wimbish case, cited above, seasonal employment was involved. The employee was sales manager and contact man, active for about two months out of each year. The employee had continued in such position for three seasons under verbal contracts. The court there referred to the cases, National Labor Relations Board v. Planters Mfg. Co. 4 Cir., 1939, 106 F.2d 524, and National Labor Relations Board v. C. Nelson Mfg. Co., 8 Cir., 1941, 120 F.2d 444, which held that one may hold a position in a seasonal industry at times when no work is going on. The appellant urges that the Wimbish case is not controlling, since that case calls for an established "custom" as such. We agree that it is not controlling, but its reasoning is apposite.

The fact that the trial court held for Bochterle as to damages suffered but

not as to reinstatement is unimportant since Bochterle has not appealed. Sec Kent v. Todd Houston Shipbuilding Corp., D.C. Tex. 1947, 72 F.Supp. 506, and United States ex rel. Unruh v. North American Creameries, supra.

We think the evidence in the case brings it within the terms of the Act, and that the authorities cited are confirmatory.

Affirmed.