## SMITH v. LESTERSHIRE SPOOL & MFG. CO.

### Civ. No. 3259.

United States District Court
N. D. New York.

Oct. 27, 1949.

Irving J. Higbee, United States Attorney, Syracuse, N. Y. (Robert J. Leamy, Assistant U. S. Attorney, Oneonta, N. Y., of counsel), attorneys for plaintiff.

Twining & Fischer, Binghamton, N. Y. (William F. Fischer, Binghamton, N. Y., of counsel), attorneys for defendant.

FOLEY, District Judge.

This action by the complaint is based upon section 8 of the Selective Training and Service Act of 1940, 54 Stat. 890, 50 U.S. C.A.Appendix, § 308. The plaintiff, an honorably discharged veteran, asks judgment adjudging that he was on November 6, 1947, entitled to be restored by the defendant corporation to the position he formerly held, or a position of like seniority, status and pay, and judgment in his behalf that the defendant be ordered to compensate the plaintiff for his loss of wages from November 6, 1947 to November 6, 1948, at the rate earned by the plaintiff at the time that he entered the armed forces, plus increments, if any, during his service in the armed forces, less credits for wages earned by the plaintiff in other employment.

The action was tried before the court and by the answer of the defendant corporation and the proof in its behalf submitted upon the trial, the issue of the liability of the defendant under the Act was narrowed. In the briefs submitted, both parties admit the altruistic motives of the Act as reiterated in many authorities, and the need for liberal interpretation to effectuate the rehabilitation and restoration of veterans to their previous status to the greatest degree possible. Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 285, 66 S.Ct. 1105, 90 L.Ed. 1230, 167 A.L.R. 110; Bryan v. Griffin, 6 Cir., 166 F.2d 748, 750; Kay v. General Cable Corporation, 3 Cir., 144 F.2d 653, 654; et al.

The facts necessary to meet the requirements of section 308(b), 50 U.S.C.A.Appendix seem to be undisputed as to certain of its provisions. Namely, that the plaintiff received an honorable discharge on October 26, 1947, from the armed forces in which he was inducted on or about October 24, 1945, (2) that he is still qualified to perform the duties of the position in which he was formerly employed by the defendant, and (3) that within ninety days after his discharge, on or about November 6, 1947, he made application to the defendant for reemployment.

The defendant corporation in its sincere answer and honest presentation of the proof argues that from the character of the employment of the plaintiff and the circumstances surrounding the employment, in particular reference to the minority of the plaintiff, that the position he held was not "other than a temporary position" as stated in the Act, and as a result he is not entitled to the relief requested. The defense is centered upon this construction of this part of the Act although the defense is also presented that the circumstances of the defendant corporation have so changed since the employment of the plaintiff as to make it unreasonable to restore the plaintiff to the position he held when he was inducted for training and service.

It may be well to discuss this last defense first because it does not appear to be supported to any extent by the testimony produced by the defendant. The contention that at the time, November 5, 1947, plaintiff applied to defendant for reemployment it had suffered a post-war cutback in orders and was forced to reduce its personnel, laying off twenty-six skilled men, including veterans and men with families, is not supported by any substantial testimony. The number of employees employed by the defendant in February 1945 was in the neighborhood of one hundred seven. When the plaintiff applied for reemployment in 1947 the number was approximately one hundred seventy. The wartime boom should have been over by 1947, because as I remember the war V—J day occurred in August 1945. These facts are highly material and relevant and directly contradict the argument of the defendant that the plaintiff was hired in a wartime inflation and that in 1947 the wartime inflation as to its employees had subsided.

In Gualtieri v. Sperry Gyroscope Co., Inc., D.C., 67 F.Supp. 219 and Olin Industries, Inc., v. Barnett, D.C., 64 F.Supp. 722 there were striking increases in the number of personnel during the war and striking reduction of the employees when the war ended. These authorities are poor comparison with the case at bar. The reasoning in Kay v. General Cable Corp., 3 Cir., 144 F.2d 653, 655 applies here:

"Accepting the defendant's contention that there would be some loss of efficiency and possibly some additional expense in-

volved, more than that is needed to justify refusal to reinstate a person within the protection of the Act. In most cases it is possible to give some reason for the refusal. 'Unreasonable' means more than inconvenient or undesirable."

There is somewhat more substance in the defense as to the temporary nature of the employment of the plaintiff, but in my considered judgment the testimony of the defendant is again insufficient to warrant the conclusion asked by the defendant. The plaintiff in his application for employment made out by the defendant was described as an "apprentice toolmaker." The proof however showed that in June 1945, he was transferred to the tool crib and tool room issuing tools to the mechanics and doing minor machine grinding jobs. There was proof by the defendant that this tool crib is now handled by a skilled machine operator. It must be remembered that in the ordinary course of human affairs we must have apprentice toolmakers or machinists before we can have skilled operators. It would seem that the plaintiff could fit in his previous employment without considerable difficulty and even though the nature of the article produced by the defendant has changed to some degree.

The facts which impress me that the position held by the plaintiff was other than temporary are these: That the plaintiff was employed for a substantial period of approximately nine months. That during his employment his hourly wage was increased from 60¢ to 75¢. That at the time of hiring there was no discussion concerning the temporary nature of the employment. That the plaintiff left his employment voluntarily and that the position he held is still in existence although now filled by a skilled operator. That the plaintiff had a background of tool experience previous to his employment by the defendant and that he entered a similar field of endeavor in the United States Navy during his training and service. That during the year 1948, he was employed at B. M. C. Corporation, Binghamton, N. Y. That the fact that he was a minor working under a permit required by section 131 of the Labor Law of the State of New York, Consol.Laws, c. 31, would not legally affect to any extent the permanancy of his employment after he reached majority.

It is from these facts that I decide that the position of the plaintiff was "other than temporary." I cannot draw the inference from the plaintiff's mind which the defendant asks as to the temporary nature of the employment because the plaintiff by his sworn testimony contradicts such inference. Nor can I draw a reasonable inference from the defendant's testimony that because other minors were hired temporarily and have not requested reemployment that this veteran should be deprived of the benefits of the Act which use the words 'such person" in its terms without any regard to race, color, creed or age.

" 'Temporary,' we think, means 'lasting for a time only,' or casual, as distinguished from regular. * * * Since employment for an indefinite period was contemplated in a position to be held at mutual will until terminated, we think the position was 'other than * * * temporary.' " Bryan v. Griffin, 6 Cir., 166 F.2d 748, 750; Foor v. Torrington Co., 7 Cir., 170 F.2d 487.

Temporary, as defined by Black's Law Dictionary, is that which is to last for a limited time only, as distinguished from that which is perpetual, or *indefinite,* in its duration (Underscoring mine). Howie v. Lance, Inc., 4 Cir., 172 F.2d 107. The length of the period of employment is regarded as not controlling. Daniels v. Barfield, D.C., 71 F.Supp. 884, 886; Bochterle v. Albert Robbins, Inc., 3 Cir., 165 F.2d 942.

The question of damages appeared troublesome from the reading of some authorities but I believe that the compensation should be fixed as of the year following his discharge from the armed forces. This standard of measurement seems reasonable under the situation presented. Pursuant to the provisions of section 308(e), 50 U.S. C.A.Appendix, it is my finding and my discretion that the average weekly earnings for the plaintiff in the year following his discharge would be in the amount of $28 a week. That from this yearly total of $1456 there should be deducted in mitigation the

earnings of $752, leaving compensatory damages in the amount of $704 for the plaintiff. Other findings of fact seem sufficiently outlined herein. My conclusions of law are that the court has jurisdiction of the parties and subject matter; that it is adjudged that the plaintiff herein was entitled on November 6, 1947, to be restored by the defendant herein to the position he formerly held, or a position of like seniority, status and pay; that because of the peculiar situation as to time involved without fault on the part of the plaintiff the defendant shall compensate the plaintiff in the amount of $704 for loss of wages from November 6, 1947 to November 6, 1948.

All motions reserved upon at the trial are hereby denied.