## ANGELOVIC v. LEHIGH VALLEY R. CO.

No. 10204.

United States Court of Appeals, Third Circuit.

Argued Nov. 14, 1950.

Filed Dec. 29, 1950.

Howard F. Saunders, E. T. Scott, Amarillo, Tex., for appellants.

Thomas M. Blume, C. J. Roberts, and E. H. Foster, all of Amarillo, Tex., for appellee.

Before HOLMES and RUSSELL, Circuit Judges, and DAVIDSON, District Judge.

Joseph P. Brennan, Asst. U. S. Atty., Scranton, Pa., (Arthur A. Maguire, U. S. Atty., Scranton, Pa., on the brief), for appellant.

Joseph F. Gallagher, Wilkes-Barre, Pa., (John C. Phillips, Wilkes-Barre, Pa., on the brief), for appellee.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

McLAUGHLIN, Circuit Judge.

This is a veteran's reemployment action under Section 308 of the Selective Training and Service Act of 1940, as amended.[1] The District Court held that petitioner-appellant was not entitled to reinstatement to his former position or to compensation for loss of wages. From the judgment in favor of the respondent-appellee this appeal is taken.

At the time of his induction into the Army, appellant was a laborer in the employ of respondent. He received an honorable discharge on July 19, 1945. On his return he found that his mother was very ill and "bedfast". He was the only one to take care of her and therefore could not leave the house for any extended period of time. His work for respondent would have been located from one to nine miles from his house and this would have necessitated his being away for about ten hours a day. On July 24, 1945, he went to respondent's office where he saw Louis Sparr, an assistant foreman in the maintenance of way department. Sparr was one of two people, acting for appellee, to whom returning veterans applied for their old jobs. Appellant told Sparr he had been discharged from the Army and inquired whether he was still on the roster. Sparr, as the Trial Court states in its Finding of Fact No. 3, answered in the affirmative and asked petitioner whether he was ready to go back to work. Petitioner replied, "Not for a while yet." Sparr told petitioner that he was to come back whenever he was ready to go to work. Finding of Fact No. 4 reads: "Within ninety days from the date of Petitioner's honorable discharge from the United States Army, on approximately August 24, 1945, Petitioner returned to Sparr, said he was still not ready to go to work, and asked for a written leave of absence. Sparr said he could not give Petitioner a written leave of absence, but told Petitioner to come back and let him know when he was ready to go to work." The fifth Finding of Fact reads: "Within ninety days from the date of Petitioner's honorable discharge from the United States Army, on approximately October 10, 1945, when Petitioner was employed by the East

1. 50 U.S.C.A.Appendix, § 308.

Mauch Chunk School District, Petitioner returned again to Sparr, at which time a conversation similar to that of August 24, 1945 occurred." Appellant's employment referred to in this finding was of a temporary nature, consisting of the supervision of setting-up exercises, two hours in the morning and two hours in the afternoon, at a school within four blocks of his home. The sixth Finding of Fact states: "When Petitioner visited Sparr within the ninety day period, Sparr said to Petitioner, 'Don't forget your ninety days.'"

In February, 1946, appellant's brother came to live with their mother. Until then appellant's only employment had been the temporary position just described. However, with his brother home, as appellant stated, he was no longer tied close to the house. He therefore returned to work as a laborer for appellee in March, 1946.[2] He continued in that situation for about a week. After that time, by reason of seniority, he was given a position as slope watchman. On April 4, 1946, he was discharged from the employ of the railroad. There is no reason given in the record for the discharge.

Section 308(b) of the Selective Training and Service Act, as amended, among other things, requires that, to make himself eligible for reemployment under the statute, the returning veteran must make " * * * application for reemployment within ninety days after he is released from such training and service * * *." It is this requirement that poses the question confronting us. Did appellant make his application for reemployment within the ninety day period?

Appellee bases its argument, as stated in its brief, upon the premise that " * * * it is conceded by both sides that the Petitioner requested a leave of absence and *it was definitely refused.*" (Emphasis supplied). There is no such concession. Nor is there any such finding by the Trial Court. Whether the veteran was given a leave of absence or, at least, was led to believe by Sparr that he had been allowed a leave, is decisive of the issue. We agree with appellee that, where the request is refused, an application for a leave of absence

within time by a returning veteran cannot act to extend the ninety day period. Appellant does not so contend. He urges that under the Trial Court's Findings of Fact he was granted the leave. He does not pretend that this permission was in writing, as he had desired. He testifies specifically that Sparr told him he could not give him a leave of absence in writing.

It is, by now, well settled that "This legislation is to be liberally construed for the benefit of those who left private life to serve their country in its hour of great need." Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 285, 66 S.Ct. 1105, 1111, 90 L.Ed. 1230; Kay v. General Cable Corporation, 3 Cir., 144 F.2d 653, 654; Bochterle v. Albert Robbins, Inc., 3 Cir., 165 F.2d 942, 943. The governing law is our decision in Grasso v. Crowhurst, 3 Cir., 154 F.2d 208, certiorari denied 329 U.S. 714, 67 S.Ct. 44, 91 L.Ed. 620. In that case Grasso, the veteran, applied for a leave of absence. The request was not refused but made dependent upon the opinion of the employer's doctor. The latter pronounced Grasso permanently unfit for the particular employment. Grasso relied on that opinion and did not, after that, apply for reinstatement. The Trial Judge found that the physician had been mistaken about Grasso's condition and that the latter was actually qualified to perform the duties of his old position. We held that the request for leave of absence was an application for reemployment under the statute and that the plant physician's erroneous opinion had deprived the veteran of the opportunity of renewing that application without attaching any terms to it.

In the matter before us, it is undisputed that Angelovic asked for a leave of absence within time and, under the District Court's Findings of Fact, we think that appellee, through its proper representative, gave him reasonable ground for believing that his request had been granted. Throughout the ninety day period, the veteran kept his employer posted regarding his then present inability to return. On each occasion he was told to come back when he

2. The mother died September 24, 1946.

was ready to go to work. Had the leave of absence been refused, Angelovic could have faced his dilemma and, sooner than lose his right to reemployment, might have obtained someone to stay with his mother in his absence. Sparr did say, "Don't forget your ninety days". But, in the light of the affirmative Findings of Fact of the Trial Court, we cannot say that this, at least ambiguous statement destroyed the permission given Angelovic at the same interview to return when he was ready to again take up his job with the railroad. Sparr's reemployment of appellant at his old occupation, in March, 1946, when conditions at home permitted his return, strongly supports this conclusion. Under the findings, it would seem that when appellee rehired Angelovic it performed the commitment it had given him to restore him to his job when he was able to come back to work.

The judgment of the District Court will be reversed and the cause remanded to that court for further proceedings in accordance with this opinion.