Eugene REYNOLDS, Plaintiff,

v.

S & S CORRUGATED PAPER MACHIN-
ERY CO., Inc., Defendant.

Civ. No. 63-C-615.

United States District Court
E. D. New York.

May 28, 1964.

856

Joseph P. Hoey, U. S. Atty., Eastern District of New York, for plaintiff, Stanley F. Meltzer, Asst. U. S. Atty., of counsel.

Goldstone, Wolff & Friedland, New York City, for defendant, Sidney A. Wolff, Joseph F. Seminara, New York City, of counsel.

BRUCHHAUSEN, District Judge.

The plaintiff, while employed by the defendant, was inducted into military service. Upon his discharge therefrom he sought reinstatement. The defendant refused to reemploy him. He instituted this action for a declaratory judgment adjudging that he was entitled to reinstatement and damages for failure to reinstate him. Inasmuch as he thereafter secured employment elsewhere, he has waived his claim for reemployment.

The statute enacted to protect the rights of returning veterans to reemployment is 50 U.S.C.App. § 459. In substance, it provides that if an employee leaves his position for required military service he is entitled to reinstatement by his employer upon his return from service "if still qualified to perform the duties of such position."

The principal issues are whether, under the circumstances and the terms of the statute, the defendant was justified in its refusal to reemploy plaintiff and, if not, whether plaintiff sustained damage thereby.

The material facts are not in dispute. It appears that the plaintiff entered the defendant's employ on November 19, 1958; that during the months of February, March and April 1960, the defendant's employees, including the plaintiff, were "on strike"; that plaintiff claimed that on or about April 20, 1960, while on strike he was assaulted by representatives of the defendant; that on May 5, 1960, the strike was settled by agreement with the Union; that on September 15, 1961, the plaintiff while still in the employ of the defendant verified a complaint in a State court action, wherein he and another party plaintiff, charged the company or its agents with the commission of the assault; that on October 24, 1961, the plaintiff entered military service, pursuant to a mobilization order; that on December 14, 1961, while in the military service he caused a copy of the said complaint to be served upon the defendant; that in March 1962, while on leave from military service he visited the defendant's plant and informed a number of the employees that he was suing the defendant for damages for the alleged assault; that he was honorably discharged from such service on November 23, 1962; that on November 26, 1962, he applied to the defendant for reemployment, and was informed that his application would be taken under advisement; that on December 4, 1962, the plaintiff filed a grievance complaint, pursuant to Union procedure; that on December 12, 1962, the defendant served its answer thereto, wherein it stated its refusal to reemploy the plaintiff; that the plaintiff thereafter withdrew his grievance complaint and did not serve a notice of trial of the State court action.

The defendant does not question the plaintiff's ability to perform his job. It contends that the facts establish that the plaintiff was not "still qualified" to perform his duties upon his discharge from service, within the meaning of the statute. It urges that his activities were

disruptive of the desired harmonious relations between employer and employees. At this point, it is appropriate to recite the incidents arising out of the alleged assault upon the plaintiff, viz.:

The alleged assault, as previously stated, was committed during the employees strike in April 1960. The men returned to work early in May 1960, following the execution of a settlement agreement between the Company and the Union. Irving Schlesinger, a vice-president of defendant, testified that at that time the plaintiff stated that the assault incident was unfortunate and would be ignored by him. The plaintiff at the trial offered no explanation for his verification of the complaint on September 15, 1961, about a month prior to his induction into service, wherein he charged the defendant with assault, and his withholding of knowledge thereof from the defendant until the complaint was served on the defendant on December 14, 1961, more than a month after he had entered military service. The plaintiff, on cross-examination, admitted that he first complained to the defendant of the assault when the process was served in December 1961. Also on cross-examination, he admitted that while on leave from military service in March 1962, some months prior to his request for reinstatement, he visited the defendant's plant and informed a large number of the employees of his lawsuit against the Company.

In the face of these happenings, the plaintiff applied for reinstatement upon his return from service in November 1962. The defendant asserts that the plaintiff's conduct warranted it in rejecting his proposal, that the plaintiff's activities and attitude toward the defendant rendered reemployment impractical and undesirable, that they tended to disrupt the conduct of the plant and breached the mutual confidence and trust upon which a healthy and satisfactory employer-employee relationship must be founded.

■ The salutory purpose of the statute is to prevent employers from discharging employees solely because of entry into military service. While the plaintiff had the right to resort to a court of law for redress of an alleged wrong, his actions are incompatible with his continuance of employment in the defendant's establishment.

■■ It has been held that disruptive tactics of an employee, a returning veteran, may justify an employer in his refusal to reinstate him.

In Green v. Tho-Ro Products, Inc., 3 Cir., 232 F.2d 172, the Court said:

"It would be unreasonable for the defendant corporation to be asked to re-employ or restore the plaintiff to his former position, a condition brought about by plaintiff's own activities of inspiring disaffection and interfering with the business of the corporation. * * *

"Legally, the conclusions of the district court are in accord with the statute and the views of the decided cases. What would seem to have been the objective of appellant's tactics, certainly their net effect was, as the district court found 'disruptive of the company's best interests and destructive of the harmonious relations that should exist among the members of the company's staff and among the employees.'" See also Trusteed Funds, Inc. v. Dacey, 1 Cir., 160 F.2d 413.

## THE PLAINTIFF'S CLAIM FOR DAMAGES

The plaintiff claims damages for loss of wages between November 26, 1962 and April 1963 in the sum of $692.80.

The defendant contends that the plaintiff sustained no damage in that at the time of his discharge he received thirty-three days pay for terminal leave, also that he received wages from other employers during the year following his discharge, totalling $5739.83, a greater sum than he would have earned if defendant had reemployed him.

The statute, 50 U.S.C.App. § 459, obligates an employer to reinstate a veteran

"continuing after discharge for a period of not more than one year", and "to compensate such person for any loss of wages or benefit suffered by reason of such employer's unlawful action" in failing to reinstate the veteran.

■ If during the year following his discharge the plaintiff earned and received wages or other compensation in excess of the amount he would have received from defendant, if he had continued in its employ, then it is clear that plaintiff sustained no damage. See Smith v. Lestershire Spool & Mfg. Co., D. C., 86 F.Supp. 703; Hood v. Lawrence, D.C., 138 F.Supp. 120.

■ The plaintiff's motion to strike out the evidence relating to the State court action upon the ground of immateriality is denied. See Trusteed Funds, Inc. v. Dacey, supra.

A careful consideration of the facts and the applicable law convinces the Court that judgment should be granted in favor of the defendant.

Settle findings and decree on notice.